UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Dealer Specialties International, Inc.

Plaintiff/ Judgment Creditor

v.

Car Data 24/7, Inc., et al.

Defendant/ Judgment Debtor.

Case No. 6:18-mc-58-ORL-41GJK

**DEALER SPECIALTIES INTERNATIONAL, INC.'S *AMENDED* MOTION FOR ISSUANCE OF WRIT OF EXECUTION AS TO CAR DATA 24/7, INC.**

Plaintiff/Judgment Creditor Dealer Specialties International, Inc. ("Dealer Specialties" or Judgment Creditor), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 69(a) and other applicable law, respectfully files its amended motion for the issuance of an original writ of execution as to Defendant/Judgment Debtor Car Data 24/7, Inc. ("Car Data 24/7" or Judgment Debtor):

1. On August 4, 2016, Judgment in the amount of $1,358,889.24 plus interest in favor of Dealer Specialties and against Car Data 24/7, Inc. and Gary Lindsey, jointly and severally, was entered in the Southern District of Ohio in Case No. 1:16-cv-00499.

2. On September 20, 2016, Dealer Specialties registered this foreign judgment with the Middle District of Florida court. (Doc. 1).


Clarke Silverglate, P.A.
799 Brickell Plaza, Suite 900, Miami, FL 33131 Phone: 305.377.0700 Fax: 305.377.3001 www.cspalaw.com

3. On February 22, 2019, Dealer Specialties recorded the Judgment in Miami-Dade County, Official Records Book 31335, beginning at Page 4574, a copy of which is attached as **Exhibit 1**.[1]

4. I am the attorney for the Judgment Creditor and I request that the Court enter a special order issuing a Writ of Execution on the Judgment.

5. Since the entry of Judgment on August 6, 2016 at least $18,705.76 in interest has accrued on the Judgment (based on accrual of interest at .53%/annum for 948 days).

6. To date, the Judgment and interest remain entirely unpaid and interest continues to accrue at the prevailing rate.

7. The Judgment is final as the time for filing a motion for new trial or rehearing has long passed.

8. No credit is owed as the Judgment Debtor has not made any payment nor satisfied the Judgment in any form.

9. The Judgment Debtor has in its possession property upon which a levy can be made towards satisfaction of the Judgment; however, no such property is sufficient to fully satisfy the Judgment Amount.

10. I declare under penalty of perjury under the law of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of March, 2019.

/s/ *Shannon P. McKenna*
Shannon P. McKenna, Esq.

[1] Dealer Specialties previously moved for an issuance of writ of execution on February 8, 2019, which was denied by the Court for the failure to record the judgment or to request the entry of a special order. (Doc. 6, 7).


Clarke Silverglate, P.A.
799 Brickell Plaza, Suite 900, Miami, FL 33131 Phone: 305.377.0700 Fax: 305.377.3001 www.cspalaw.com

11. Pursuant to Rule 69 of the Federal Rules of Civil Procedure this court is authorized to issue a writ of execution to enforce a final money judgment. Fed. R. Civ. P. 69(a)(1).

12. Federal Rule of Civil Procedure 69(a)(1) states the following:

> Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

13. Florida Rule of Civil Procedure 1.550(a) requires that a judgment be recorded before a writ of execution on it is issued, "provided execution or other final process may be issued on special order of the court at any time after judgment." Fla. R. Civ. P. 1.550(a).

14. Rule 1.550(a) also provides that writs of execution "shall issue during the life of the judgment" at the judgment creditor's request. Fla. R. Civ. P. 1.550(a). *See also Friedman v. Friedman*, 825 So. 2d 1010 (Fla. 4th DCA 2002) (under Rule 1.550 execution shall issue during the life of the judgment).

15. The judgment creditor need only provide satisfactory evidence that its judgment remains unpaid to obtain a writ.

16. As affirmed by undersigned counsel, the Judgment was registered with the Middle District of Florida and recorded in Miami-Dade County, and it remains unpaid. *Supra* at ¶¶ 2-10.

17. Alternatively, the Judgment Creditor requests that execution on the Judgment be issued on special order of this Court. *See* Rule 1.550(a), Fla. R. Civ. P. *See also Sun Bank/Southwest, N.A. v. Schad*, 482 So. 2d 554 (Fla. 2d DCA 1986); *Citizens & Southern Fin. Corp. v. Helton*, 364 So. 2d 510 (Fla. 1st DCA 1978).

18. A proposed writ of execution is attached as **Exhibit 2**.


Clarke Silverglate, P.A.
799 Brickell Plaza, Suite 900, Miami, FL 33131 Phone: 305.377.0700 Fax: 305.377.3001 www.cspalaw.com

**Conclusion**

For the foregoing reasons, Judgment Creditor Dealer Specialties, Inc. respectfully requests that the Court issue a writ of execution against Judgment Debtor Car Data 24/7, Inc. in the amount of $1,358,889.24 plus $18,705.76 in interest which continues to accrue.

Respectfully submitted,

CLARKE SILVERGLATE, P.A.

*Attorneys for Dealer Specialties, Inc.*

799 Brickell Plaza, Suite 900
Miami, Florida 33131
Telephone: 305/377-0700
Facsimile: 305/377-3001

By: /s/ *Shannon P. McKenna*
Spencer H. Silverglate
ssilverglate@cspalaw.com
Florida Bar No. 769223
Shannon P. McKenna
Florida Bar No. 385158
smckenna@cspalaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 12, 2019, I electronically filed the above document with the Clerk of Court using the CM/ECF system, and served:

- **Car Data 24/7, Inc. c/o Ell Jay Lindsey** via United States Mail at 1713 Las Palmos Drive SW, Palm Bay, Florida 32908 and via electronic mail at elljaylindsey@icloud.com, and

- **Gary Lindsey, c/of Estate of Gary Lindsey**, via United States Mail at 120 Eldron Blvd. SW, Palm Bay, FL 32909.

CLARKE SILVERGLATE, P.A.

/s/ *Shannon P. McKenna*
Shannon P. McKenna