UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Dealer Specialties International, Inc.<br><br>Plaintiff/ Judgment Creditor<br><br>v.<br><br>Car Data 24/7, Inc., et al.<br><br>Defendant/ Judgment Debtor. | Case No. 6:18-mc-58-ORL-41GJK |

**DEALER SPECIALTIES INTERNATIONAL, INC.'S MOTION TO COMMENCE PROCEEDINGS SUPPLEMENTARY AND FOR IMPLEADER AGAINST CARDATA, INC., JOHN FINUCANE, JAYLEE'S AUTO SALES, INC., AND DEALER360, INC.**

Plaintiff/Judgment Creditor Dealer Specialties International, Inc. ("Dealer Specialties"), pursuant to Federal Rules of Civil Procedure 66 and 69(a), and Sections 56.29, Florida Statutes, respectfully moves for the entry of an order commencing proceedings supplementary to execution against Defendant/Judgment Debtor Car Data 24/7, Inc. ("Car Data 24/7" or "Judgment Debtor") and impleading CarData, Inc., John Finucane, Jaylee's Auto Sales, Inc., and Dealer360, Inc. in connection with the final August 4, 2016 Judgment ("Judgment") (Doc. 1).

**Facts**

1. On August 4, 2016, Judgment was entered in the Southern District of Ohio in Case No. 1:16-cv-00499 in favor of Dealer Specialties and against Car Data 24/7 and Gary Lindsey, jointly and severally, in the amount of **$1,358,889.24** plus interest.

2. On September 20, 2016, Dealer Specialties registered this foreign judgment with the Middle District of Florida court. (Doc. 1).

3. On July 12, 2017, a Judgment Lien Certificate was issued by the Florida Department of State. (Exhibit 1). The judgment lien is valid and outstanding.

4. On February 22, 2019, Dealer Specialties recorded the Judgment in Miami-Dade County, Official Records Book 31335, beginning at Page 4574. (Doc 9-1).

5. Since the entry of Judgment on August 6, 2016 at least $18,705.76 in interest has accrued on the Judgment (based on accrual of interest at .53% per annum for 917 days).

6. The Judgment is final as the time for filing a motion for new trial or rehearing has long passed.

7. To date, the Judgment and interest remain entirely unpaid and interest continues to accrue at the prevailing rate.

8. No credit is owed as the Judgment Debtor has not made any payment nor satisfied the Judgment in any form.

9. A Writ of Execution ("Writ") was obtained (Doc. 10) and served on Car Data 24/7. (Exhibit 2).

10. The Writ remains unsatisfied.

11. Car Data 24/7 has been administratively dissolved and appears to be judgment proof.

12. In order to delay, hinder, evade, and defraud creditors from the underlying litigation, Car Data 24/7 fraudulently transferred its business and assets to CarData, Inc. ("CarData"), John Finucane ("Finucane"), Jaylee's Auto Sales, Inc. ("Jaylee's Auto"), and Dealer 360, Inc. ("Dealer360").

13. Car Data 24/7 transferred its name, customers, goodwill, business model, and other assets as well as its officers, employees and contractors to CarData. Upon this transfer, Car Data 24/7 was administratively dissolved.


Clarke Silverglate, P.A.
799 Brickell Plaza, Suite 900, Miami, FL 33131 Phone: 305.377.0700 Fax: 305.377.3001 www.cspalaw.com

14. CarData is a mere continuation or alter ego of Car Data 24/7. Its corporate form is being used fraudulently and for an improper purpose.

15. Car Data 24/7 transferred its name, customers, goodwill, business model, and other assets as well as its officers, employees and contractors to CarData. Upon this transfer, Car Data 24/7 was administratively dissolved.

16. CarData and Car Data 24/7 acted and operated as a single business entity and used fictitious names that were similar to and substantially the same.

17. CarData was organized to operate an alternate business entity that would acquire the accounts and clients of Car Data 24/7, while avoiding creditors.

18. CarData procured Car Data 24/7's clients for its own benefit, profited from Car Data 24/7's former business, and attempted to conceal the transactions to prevent existing creditors from collecting from Car Data 24/7.

19. Car Data 24/7's income, profits, and assets were also fraudulently transferred, at least in part, to CarData as well as the following:

- Finucane, a former affiliate of Car Data 24/7 who also has an ownership interest in CarData;
- Jaylee's Auto, an s-Corporation solely-owned by Ell Jay Lindsey—the former president and sole owner of the now defunct Car Data 24/7;[1] and,
- Dealer360, an s-corporation also solely-owned by Ell Jay Lindsey.

20. Car Data 24/7's property and assets were also transferred to Car Data 24/7, Finucane, Jaylee's Auto, and Dealer360 within one (1) year before service of process on Car

---

[1] In the underlying litigation, a second judgment for $2,560,063.66 was entered against Ell Jay Lindsey individually. The judgment was registered in the Middle District of Florida in Case 6:18-cv-41-CEM-KRS, which has been automatically stayed by Lindsey's filing a petition for Chapter 7 Bankruptcy. Lindsey's Bankruptcy Petition is also currently pending in the Middle District of Florida in Case 6:19-bk-01190-KSJ.

Datat 24/7 in the original action with the intent to delay, hinder or defraud, as provided for in Section 56.29(3), Fla. Stat.

21. Because of these fraudulent transfers and the fraudulent and improper use of the corporate form, Car Data 24/7 has been rendered judgment proof. As a result, the Judgment Creditor has been prevented from collecting on its judgment.

22. In compliance with Florida Statue sections 56.29(1) and (2), the attached affidavit of Counsel for Dealer Specialties, Shannon P. McKenna, Esq., describes the validity of the Writ; the amount owed under the Judgment; and the property not exempt from execution in the hands of Car Data 24/7, Inc., CarData, Inc., Finucane, Jaylee's Auto, and Dealer360 which may be applied towards the satisfaction of the Judgment. (Exhibit 3).

**Memorandum of Law**

**A. Proceedings Supplementary Generally.**

Under Federal Rule of Civil Procedure 69, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1). In Florida, the procedure for supplementary, post-judgment proceedings is governed by Florida Statute section 56.29, which states in relevant part:

> When any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

§ 56.29(1), Fla. Stat.


Clarke Silverglate, P.A.
799 Brickell Plaza, Suite 900, Miami, FL 33131 Phone: 305.377.0700 Fax: 305.377.3001 www.cspalaw.com

To initiate proceedings supplementary, section 56.29(1) requires an unsatisfied writ of execution and an affidavit averring that the writ is valid and unsatisfied. *Longo v. Associated Limousine Services, Inc.*, 236 So. 3d 1115, 1118 (Fla. 4th DCA 2018); *Estate of Jackson ex rel. Jackson–Platts*, 110 So.3d 6, 8 (Fla. 2d DCA 2012). *See also See Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997). Upon compliance with section 56.29(1), "the judgment creditor is entitled to these proceedings supplementary to execution." § 56.29(1), Fla. Stat. (2016). The court lacks discretion to deny the motion to initiate supplementary proceedings. *See Longo*, 236 So. 3d at 1119.

Proceedings supplementary aid a judgment creditor in collecting its judgment against the judgment debtor. *See Rosenfeld v. TPI Int'l Airways*, 630 So. 2d 1167, 1169 (Fla. 4th DCA 1993). The statute's purpose is "to give creditors a swift summary disposition of issues while preserving the equitable character of both proceedings and the remedies available." *Office Bldg., LLC v. CastleRock Sec., Inc.*, 2011 WL 1674963, *2 (S.D. Fla. 2011) (quotations omitted).

Under section 56.29(6), a Court is empowered to

> enter *any* orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution, and including entry of money judgments as provided in ss. 56.16-56.19 against any person to whom a Notice to Appear has been directed and over whom the court obtained personal jurisdiction irrespective of whether such person has retained the property . . . .

Fla. Stat. § 56.29(6). Costs incurred in the proceeding shall be taxed against the judgment debtor and the Court may tax reasonable attorney's fees against the judgment debtor. Fla. Stat. § 56.29(8); *PMI Mortg. Ins. Co. v. Kahn*, 26 So. 3d 25, 26 (Fla. 3d DCA 2009).

Under Section 56.29, a judgment creditor may implead third parties "in order to expeditiously discover assets which may be part of the judgment and subject these assets to a speedy and direct proceeding in the same court in which the judgment was recovered." *Id.* Once


Clarke Silverglate, P.A.
799 Brickell Plaza, Suite 900, Miami, FL 33131 Phone: 305.377.0700 Fax: 305.377.3001 www.cspalaw.com

impleaded, the third party must appear and show cause as to why the contested property should not be applied to satisfy the judgment creditor's judgment. Fla. Stat. § 56.29(2); *Bodywell Nutrition, LLC v. Fortress Sys., LLC*, 846 F. Supp. 2d 1317, 1325 (S.D. Fla. 2012). After a judgment creditor impleads a third party, the judgment creditor may pursue claims that fraudulent transfers occurred between the third party and the judgment debtor and the Court may, among other things, void fraudulent transfers. Fla. Stat. § 56.29(3)(b); *Kobarid Holding, S.A. v. Reizen*, 2007 WL 14294, *2 (S.D. Fla. 2007).

Proceedings supplementary also allow a judgment creditor to "discover assets which may be subject to his judgment." *Puzzo v. Ray*, 386 So. 2d 49, 50 (Fla. 4th DCA 1980) (quoting *Richard v. McNair*, 164 So. 836, 840 (Fla. 1936)). Section 56.30 governs discovery in proceedings supplementary. It allows the judgment creditor to examine the judgment debtor before the Court or a general or special magistrate that "cover[s] all matters and things pertaining to the business and financial interests of the judgment debtor which may tend to show what property the judgment debtor has and its location." Fla. Stat. § 56.30(1), (3).

**B. Judgment Creditor Dealer Specialties Satisfied the Statutory Prerequisites.**

Judgment Creditor Dealer Specialties' Writ against Car Data 24/7 is valid and outstanding, and it remains unsatisfied. Undersigned counsel's affidavit (attached as Exhibit 3) describes the validity of the Writ, the amount owed under the Judgment, and the property not exempt from execution in the hands of Car Data 24/7, Inc., CarData, Finucane, Jaylee's Auto, and Dealer360 which may be applied towards the satisfaction of the Judgment. Accordingly, this Court should grant this motion and initiate proceedings supplementary.

The Court should then allow Dealer Specialties to implead and take discovery from CarData, Finucane, Jaylee's Autos, and Dealer360. The parties to be impleaded and the underlying basis for impleader are described above.

Importantly, to implead third parties, no other showing is necessary under Section 56.29. At this stage in the proceedings, the judgment creditor is not required to set forth a prima facie showing of a fraudulent transfer or that the impleaded parties own, hold, or possess assets subject to the underlying judgment. *See Kobarid Holding*, 2007 WL 14294 at *2 (no prima facie showing of fraudulent transfer required); *CastleRock*, 2011 WL 1674963 at *2 (no prima facie showing of holding assets subject to the judgment).

### C. Relief Requested

Judgment Creditor Dealer Specialties respectfully requests that the court:

**(1)** **Commence proceedings supplementary** to execution against Car Data 24/7, Inc.;

**(2)** **Implead CarData, Inc., John Finucane, Jaylee's Auto Sales, Inc.. and Dealer360, Inc.** for supplementary post-judgment proceedings in aid of execution;

**(3)** **Issue Notices to Appear**, as referenced in Section 56.29(2), which shall direct **CarData, Inc., John Finucane, Jaylee's Auto Sales, Inc., and Dealer360, Inc.** to file affidavits stating why the property, debt or other obligation should not be applied to satisfy the judgment. In accordance with Section 56.29(2), the Notice to Appear shall: (a) describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment; (b) provide the opportunity to present defenses; (c) indicate that discovery as provided under the rules of civil procedure is available; and (d) advise that there is a right to a jury trial as provided in Section 56.18. Pursuant to Section 56.29(2), the Court shall serve the Notice to Appear as provided for in Chapter 48;

**(4)** **Order CarData, Inc., John Finucane, Jaylee's Auto Sales, Inc., and Dealer360, Inc. to file the responding affidavits** within seven business days of the date of service of the Notice to Appear (the timeframe provided for in Section 56.29(2));

**(5)** **Order Car Data 24/7, Inc., CarData, Inc., John Finucane, Jaylee's Auto Sales, Inc., and Dealer360 to appear for proceedings supplementary before the Court** at a date and time to be set by the Court, including examination, pursuant to Section 56.29(6) concerning Car Data 24/7 Inc.'s assets and pursuant to Section 56.30;


Clarke Silverglate, P.A.
799 Brickell Plaza, Suite 900, Miami, FL 33131 Phone: 305.377.0700 Fax: 305.377.3001 www.cspalaw.com

**(6)** **Compel CarData, Inc. to assign all of its profits and business assets,** including its customers, client lists, goodwill, equipment, cash, and other assets to Dealer Specialties, or in the alternative, appoint a receiver under Rule 66, Fed. R. Civ. P.;

**(7)** **Award Dealer Specialties its fees and costs** as provided under Section 56.29(8), and award such other relief as the Court deems just and proper.

**Conclusion**

The Court should grant the Motion and order the relief requested in Section C above.

Respectfully submitted,

CLARKE SILVERGLATE, P.A.

*Attorneys for Dealer Specialties, Inc.*

799 Brickell Plaza, Suite 900
Miami, Florida 33131
Telephone: 305/377-0700
Facsimile: 305/377-3001

By: /s/ *Shannon P. McKenna*
Spencer H. Silverglate
ssilverglate@cspalaw.com
Florida Bar No. 769223
Shannon P. McKenna
Florida Bar No. 385158
smckenna@cspalaw.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)**

The undersigned certifies, pursuant to Middle District of Florida Local Rule 3.01(g), that neither Defendant/Judgment Debtor has entered an appearance in this matter; and it does not appear that either Defendant/Judgment Debtor are represented by counsel. Therefore, the undersigned did not confer with either *pro se* Defendant/Judgment Debtor about their position on this motion to initiate supplementary proceedings and to implead third parties.

CLARKE SILVERGLATE, P.A.

/s/ *Shannon P. McKenna*
Shannon P. McKenna

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 10, 2019, I electronically filed the above document with the Clerk of Court using the CM/ECF system, and served:

- **Car Data 24/7, Inc. c/o Ell Jay Lindsey** via United States Mail at 1713 Las Palmos Drive SW, Palm Bay, Florida 32908, via United States Mail at 120 Eldron Blvd SE, Palm Bay, FL 32909, and via electronic mail at elljaylindsey@icloud.com, and

- **Gary Lindsey, c/of Estate of Gary Lindsey**, via United States Mail at 120 Eldron Blvd. SW, Palm Bay, FL 32909.

CLARKE SILVERGLATE, P.A.

/s/ *Shannon P. McKenna*
Shannon P. McKenna


Clarke Silverglate, P.A.
799 Brickell Plaza, Suite 900, Miami, FL 33131 Phone: 305.377.0700 Fax: 305.377.3001 www.cspalaw.com