# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DEALER SPECIALTIES INTERNATIONAL, INC.,**

**Plaintiff,**

**v.** **Case No: 6:18-mc-58-Orl-41LRH**

**CAR DATA 24/7, INC.,**

**Defendant.**

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEALER SPECIALTIES INTERNATIONAL, INC.'S MOTION TO COMMENCE PROCEEDINGS SUPPLEMENTARY AND FOR IMPLEADER AGAINST CARDATA, INC., JOHN FINUCANE, JAYLEE'S AUTO SALES, INC., AND DEALER 360, INC. (Doc. No. 11)** |
| **FILED:** | **April 10, 2019** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

## I. INTRODUCTION.

On September 20, 2016, Plaintiff Dealer Specialties International, Inc. registered a foreign judgment from the United States District Court for the Southern District of Ohio in the Tampa division of the Court. Doc. No. 1. The case was subsequently transferred to this Court on September 28, 2018. Doc. No. 3. The foreign judgment awarded $1,358,889.24 in favor of

Plaintiff and against Defendant Car Data 24/7, Inc. and Gary Lindsey, jointly and severally, plus interest. Doc. No. 1, at 2. On July 12, 2017, a Judgment Lien Certificate was issued by the Florida Department of State. Doc. No. 11-1. On March 14, 2019, Plaintiff obtained a writ of execution. Doc. No. 10.

Plaintiff now seeks to commence proceedings supplementary in aid of execution of the foreign judgment. Doc. No. 11. It also seeks to implead CarData, Inc., John Finucane, Jaylee's Auto Sales, Inc., and Dealer 360, Inc. pursuant to Fla. Stat. § 56.29. *Id.* To support its motion, Plaintiff has filed: (1) a copy of the Judgment Lien Certificate (Doc. No. 11-1); (2) proof of service of the writ of execution on Car Data 24/7, Inc. (c/o President Ell Jay Lindsey) (Doc. No. 11-2); and (3) and affidavit of its attorney, Shannon P. McKenna, Esq. (Doc. No. 11-3).

Defendant Car Data 24/7 has not filed a response in opposition to the motion, and the time for doing so has passed. The motion was referred to the undersigned for disposition, and the matter is ripe for review.

## II. APPLICABLE LAW.

### A. Jurisdiction.

This Court has jurisdiction to enforce the foreign judgment pursuant to 28 U.S.C. § 1963. Under § 1963, "[a] judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal . . . ." 28 U.S.C. § 1963. With this registration, the foreign judgment has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner," and this procedure "is in addition to other procedures provided by law for the enforcement of judgments." *Id.*

B. Proceedings Supplementary.

"Proceedings supplementary are not independent causes of action but are post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien that already exists." *ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, No. 07-60294-CIV, 2011 WL 915669, at *1 (S.D. Fla. Mar. 16, 2011) (citations omitted). Federal Rule of Civil Procedure 69(a) provides:

> **(1)** ***Money Judgment; Applicable Procedure*.** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> **(2)** ***Obtaining Discovery*.** In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Because Rule 69(a) provides that proceedings supplementary to and in aid of judgment or execution must accord with the procedure of the state where the court is located, Florida law applies when proceedings supplementary are instituted in this Court. *Wubben v. Kirkland*, No. 6:08-cv-1105-Orl-22DAB, 2012 WL 12951413, at *1 (M.D. Fla. Sept. 11, 2012).

Section 56.29, Florida Statutes provides, in pertinent part:

> (1) When any judgment creditor holds an unsatisfied judgment or judgment lien . . . the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

In such motion and supplemental affidavit, the judgment creditor must "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." Fla. Stat. § 56.29(2). If the property is in the custody or control of a person other than

the judgment debtor, the court then must issue a notice to appear and require a responsive affidavit. *Id.* The court may order property of the judgment debtor not exempt from execution to be applied to satisfy the judgment. *Id.* § 56.29(6).

C. Impleader.

Fla. Stat. § 56.29(2) "governs the process for bringing third parties into proceedings supplementary." *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1120 (Fla. 4th Dist. Ct. App. 2018). "After a party initiates proceedings supplementary, a creditor may pursue assets held by the debtor, assets of the debtor held by another, or assets that have been fraudulently transferred to another. But the rights of any third party interest-holders must be accounted for by impleading them into the proceeding and allowing them to defend their interests." *Kennedy v. RES-GA Lake Shadow, LLC*, 224 So. 3d 931, 933 (Fla. 1st Dist. Ct. App. 2017) (citations omitted).

Section 56.29(2) requires the judgment creditor to, either in the initial motion and affidavit or in a supplemental affidavit, "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." Fla. Stat. § 56.29(2). After the judgment creditor files such affidavit, the Court must issue a Notice to Appear that describes "with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment." *See id.* ("Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court shall issue a Notice to Appear.").

## III. ANALYSIS.

A. Proceedings Supplementary.

"The two prerequisites to institution of proceedings supplementary are: (1) the sheriff holds an unsatisfied execution; and (2) the judgment creditor files an affidavit so stating and that the execution is valid and outstanding." *MCI Telecomms. Corp. v. O'Brien Mktg., Inc.*, 913 F. Supp. 1536, 1539–40 (S.D. Fla. 1995) (citations omitted).

Here, Plaintiff has filed a Motion to Commence Proceedings Supplementary. Doc. No. 11. Plaintiff also filed a supporting affidavit by its counsel, which states that final judgment was entered in Plaintiff's favor, the judgment remains unsatisfied, and the Clerk of Court issued a writ of execution on March 15, 2019 that remains outstanding. Doc. No. 11-3. Accordingly, Plaintiff's request to institute proceedings supplementary is due to be granted. *See Gaggio v. Lake Austin Props. I, Ltd.*, No. 6:10-cv-1942-Orl-22KRS, 2011 WL 6987077, at *1 (M.D. Fla. Dec. 21, 2011) (citations omitted) ("Plaintiffs' counsel filed the affidavit required by section 56.29(1). This is all that is required to begin proceedings supplementary to execution."), *report and recommendation adopted*, 2012 WL 84812 (M.D. Fla. Jan. 11, 2012); *Wubben*, 2012 WL 12951413, at *2 (same).

B. Impleader.

Plaintiff also seeks to implead third parties—CarData, Inc., John Finucane, Jaylee's Auto Sales, Inc., and Dealer 360, Inc.—in these proceedings. Doc. No. 11, at 6. "[A]n order impleading third parties under Fla. Stat § 56.29 does not determine the substantive rights of any party. It merely allows third parties to be sued." *Kobarid Holding, S.A. v. Reizen*, No. 03-23269-CIV, 2007 WL 14294, at *2–3 (S.D. Fla. Jan. 2, 2007) (citations omitted). "Once impleaded under § 56.29, the third party defendant must appear before the court and show cause why the contested property

should not be applied toward satisfaction of the judgment creditor's judgment." *Office Bldg., LLC v. CastleRock Sec., Inc.*, No. 10-61582-CIV, 2011 WL 1674963, at *3 (S.D. Fla. May 3, 2011).

Plaintiff alleges that Defendant Car Data 24/7 was administratively dissolved, and it transferred its name, customers, good will, business model, and other assets to CarData, which is a mere continuation of or alter ego to Defendant Car Data 24/7. Doc. No. 11 ¶¶ 13–14. Thus, Plaintiff claims that Defendant Car Data 24/7's income, profits, and assets were fraudulently transferred to CarData as well as:

- John Finucane, a former affiliate of Car Data 24/7 with an ownership interest in CarData;
- Jaylee's Auto Sales, Inc., an S-corporation solely owned by Ell Jay Lindsey, the former president and sole owner of Car Data 24/7; and
- Dealer 360, Inc., an S-corporation solely owned by Ell Jay Lindsey.

*Id.* ¶ 19. According to Plaintiff, this fraudulent transfer occurred within the year preceding service of process on Defendant Car Data 24/7 in the original proceedings against it. *Id.* ¶ 20. In the affidavit from counsel for Plaintiff, counsel avers that the third parties have property in their possession fraudulently transferred to them by Defendant Car Data 24/7. Doc. No. 11-3 ¶¶ 13–16.

"While impleader of third parties is not specifically addressed in Section 56.29, Florida Statutes, it appears that because the statute allows the Court to ultimately levy property being held by third parties and provides for the entry of any orders to carry out the purpose of the statute, impleader is permitted under the statute." *Reliance Ins. Co. v. Safeharbor Employer Servs. I, Inc.*, No. 6:04-cv-1236-Orl-31GJK, 2009 WL 10672176, at *5 (M.D. Fla. Apr. 1, 2009); *see also Orix Financial Servs., Inc., v. Water & Sewer Utility Constr., Inc.*, 274 F. App'x 773 (11th Cir. 2008)

(affirming judgment allowing third party impleader in proceedings supplementary to determine issue of fraudulent transfer).[1] Indeed, under Florida law, if the plaintiff satisfies the jurisdictional requirements of § 56.29 and alleges that the judgment debtor has transferred property "to delay, hinder, or defraud creditors," then "[n]o other showing is necessary in order to implead the third party." *Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 851 (11th Cir. 2016) (quoting *NTS Fort Lauderdale Office Joint Venture v. Serchay*, 710 So. 2d 1027, 1028 (Fla. 4th Dist. Ct. App. 1998)).[2] Accordingly, Plaintiff's request to implead these third parties is due to be granted.

However, Plaintiff has not provided proposed Notices to Appear with its motion, which the Court will require. *See* Fla. Stat. § 56.29(2). Such Notices must be in the form required by § 56.29(2). *See also In re Amendments to Fla. Rule of Civil Procedure 1.570 & Form 1.914*, 244 So. 3d 1009, 1010 (Fla. 2018) (providing required form for Notice to Appear). The Notices also "must describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment." Fla. Stat. § 56.29(2); *see also SMS Financial J, LLC v. Cast-Crete Corporation*, No. 8:18-mc-00008-CEH-JSS, Doc. No. 10, at 4-5 (M.D. Fla. April 10, 2018) (noting that description "any property" is not the "reasonable particularity" required by § 56.29(2)). Plaintiff is reminded that it is entitled to discovery in aid of execution under the rules of civil

---

[1] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

[2] I note, however, that inasmuch as Plaintiff is arguing that CarData is the alter ego of Defendant Car Data 24/7, the Court has jurisdiction to implead CarData and to disgorge assets that Defendant allegedly fraudulently transferred to it. However, the Court lacks jurisdiction to hold CarData directly liable for the foreign judgment unless Plaintiff "separately establishes the Court's original jurisdiction over such a claim." *See, e.g., SMS Fin. J, LLC v. Cast-Crete Corp.*, No. 8:18-mc-00008-CEH-JSS, 2018 WL 1726434, at *2 (M.D. Fla. Apr. 10, 2018) (explaining difference between alter ego liability and disgorgement for fraudulent transfer for purposes of impleader); *see also* Fla. Stat. § 56.29(9) (requiring claimant to file a supplemental complaint against subsequent transferee's of judgment debtor's assets for claims under Chapter 726, Florida Statutes).

procedure. *See* Fed. R. Civ. P. 69(a)(2); Fla. Stat. § 56.30(1); *see also SMS Fin. J, LLC*, 2018 WL 1726434, at *3 (stating that plaintiff "can engage in discovery in aid of execution to assist it in crafting the property description").

C. Attorney's Fees and Costs.

Plaintiff includes a request for attorney's fees and costs in its prayer for relief, pursuant to Fla. Stat. § 56.29(8). Doc. No. 11, at 8. Any such request is premature and may be renewed at the conclusion of these proceedings. *See* Local Rule 4.18 ("In accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees preserved by appropriate pleading . . . shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment.").

## IV. CONCLUSION.

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion to Commence Proceedings Supplementary and For Impleader Against CarData, Inc., John Finucane, Jaylee's Auto Sales, Inc., and Dealer 360, Inc. (Doc. No. 11) is **GRANTED in part and DENIED in part**. Plaintiff is entitled to institute proceedings supplementary and to implead third parties once proper Notices to Appear have been filed with the Court. The motion is denied in all other respects. It is **ORDERED** that on or before **May 22, 2019**, Plaintiff shall file proposed Notices to Appear with the Court. Assuming such Notices are proper, the Court will issue an Order directing the Clerk of Court to issue the Notices and requiring Plaintiff to serve the Notices pursuant to Chapter 48, Florida

Statutes. *See* Fla. Stat. § 56.29(2).

**DONE** and **ORDERED** in Orlando, Florida on May 15, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties